## 34944. JACKSON et al. v. ALFORD et al.

BOWLES, Justice.
This appeal is brought by named officials of the City of Atlanta from a rule absolute entered by Fulton Superior Court, commanding them to pay appellees out of its city treasury expenses incurred in connection with city condemnation proceedings brought against property of appellees and subsequently dismissed.

On September 2, 1977, the City of Atlanta filed a condemnation proceeding against Robert B. Alford to condemn certain lands for construction of the Peachtree Trunk Sewer Line, which project is funded in part by money from the United States Treasury allocated by Congress for Public Works Projects. On September 7, 1977, the city voluntarily dismissed its condemnation proceeding against appellees and mailed notice of the dismissal to Alford and his attorney. Before receiving notice of the dismissal, appellee Alford, on September 8, 1977, filed an answer to the proceeding.

On May 1, 1978, Alford filed a claim with the city under the Georgia Relocation Assistance and Land Acquisition Policy Act of 1973, Ga. L. 1973, pp. 512, 513 (Code Ann. Ch. 99-37), for reimbursement of expenses, including attorney fees, incurred in his defending the condemnation proceeding brought against him. The city refused the claim for expenses, informing Alford that it had not established rules and regulations contemplated by Code Ann. § 99-3711, for payment under the Georgia Relocation Assistance and Land Acquisition Policy Act of 1973. Alford was advised at this time that the city had plans to reinstitute condemnation proceedings against the same property as soon as the city received certain assurances from mortgage lenders, governmental and private mortgage insurers and title insurance companies. On July 28, 1978 the City of Atlanta instituted new condemnation proceedings against the subject property.

On August 23, 1978, Robert B. Alford and Virginia H. Alford filed a petition for mandamus against certain officials of the City of Atlanta, to compel them as condemnors to pay reimbursement expenses as required by Code Ann. § 99-3706. Appellants filed their answer, alleging that there had been no formal abandonment of the condemnation proceeding so as to require payment under Code Ann. § 99-3706, and, therefore, the cited statutory provisions were inapplicable. The trial court issued a rule absolute ordering the city to pay appellees' attorney fees of $500 and appraisal fees of $375. The city appeals. We affirm.

Code Ann. § 99-3706 provides: "The Several Public Entities are hereby authorized to and *shall make or*

*approve* the payment required by Section 305 (2) of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Public Law 91-646, 91st Congress, approved January 2, 1971, for litigation expenses of any person, family, business, farm operation, or nonprofit organization actually incurred as a condemnee in any condemnation proceeding brought by an acquiring public entity to acquire real property for a Federal-aid public works project, the cost of which is now or hereafter financed in whole or in part from Federal funds allocated to an acquiring public entity if the final judgment is that the acquiring public entity cannot acquire the real property by condemnation or the condemnation proceeding is formally abandoned by the acquiring public entity." (Emphasis supplied.) Reading this Code section, in conjunction with the long title of the Act,[1] which states that its purpose is "to authorize and require. . . each municipal corporation. . . to provide for the payment of condemnee's litigation expenses. . . when. . . the case is abandoned. . .", we find that expenses of litigation, including attorney fees, must be paid by the City of Atlanta, whether or not the city has established rules under Code Ann. § 99-3711 for administering the payments. In the absence of such rules and regulations, mandamus was an appropriate means by which to compel the performance of city officials in compliance with Code Ann. § 99-3706.

There is no merit in the city's argument that Code Ann. § 99-3706 does not apply in this case, where the condemnation proceeding was not formally abandoned, but only dismissed. The statute does not require that the entire project for which the land is being condemned be abandoned, but only that the condemnation proceeding be abandoned. The common sense meaning of this would apply to proceedings which have been dismissed by the condemnor, and for which the condemnee has incurred expenses. In either situation, the condemnor is free to refile the proceeding, putting the condemnee to the expense of defending more than one suit.

Although the City of Atlanta filed its notice of

---

[1]Ga. L. 1973, p. 512.

dismissal prior to appellees' filing their answer, the condemnation proceeding was not dismissed as far as appellees were concerned until they received actual notice of the dismissal. *Jones v. Jones,* 230 Ga. 738 (2) (199 SE2d 239) (1973). Therefore, the reasonable expenses incurred by appellees prior to their receiving notice of the dismissal were recoverable litigation expenses.

The trial court was correct in issuing a rule absolute ordering appellants to pay appellees' attorney fees of $500 and appraisal fees of $375.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1979 — DECIDED SEPTEMBER 6, 1979.

*Ferrin Y. Mathews, James A. Barnett,* for appellants.
*David E. Betts, Peter A. Schuller,* for appellees.