37932. WEST v. MAYOR & COUNCIL OF THE CITY OF ATLANTA.

CLARKE, Justice.

This is an action for mandamus to compel the City of Atlanta to reimburse attorney fees and expenses of litigation under the Georgia Relocation Assistance and Land Acquisition Policy Act of 1973, Code Ann. Chapter 99-37. The trial court denied relief and granted summary judgment to the city, and West, the plaintiff below, appeals. We affirm.

West contends that he has an absolute entitlement to the expenses sought as the result of a judgment in a prior inverse condemnation suit brought by him against the City of Atlanta and the Metropolitan Atlanta Rapid Transit Authority (hereinafter referred to as "MARTA"). The inverse condemnation action arose out of the condemnation of a parcel of land adjoining West's property. That condemnation was for the purpose of acquiring land

necessary for MARTA to construct a rapid rail station. The condemnation was filed by the City of Atlanta on behalf of MARTA.

The condemned land had contained a railroad spur track which served West's property and when the land was taken the track was removed. West then brought an inverse condemnation suit against MARTA and the city claiming damages caused by the lack of railroad access. The City of Atlanta failed to answer and a default judgment was entered against it as to liability. West then dismissed MARTA as a party and proceeded to try the case against the city with the jury considering damages only. That jury verdict was upheld in *City of Atlanta v. West,* 160 Ga. App. 609 (1981).

After obtaining his judgment, West made a claim against the city for damages and expenses of litigation. The claim was denied. He then instituted this action for mandamus relying on Code Ann. § 99-3707 which authorizes payments "for litigation expenses of any person . . . actually incurred by the plaintiff in any inverse condemnation proceeding brought against an acquiring public entity in which judgment is rendered in favor of the plaintiff for real property taken by the acquiring public entity in its execution of any Federal-aid public works project, the costs of which are now or hereafter financed in whole or in part from Federal funds allocated to the acquiring public entity."

The city contends that the statute did not apply on the grounds that it was not the "acquiring public entity" and that no real property was actually taken. West contends that the statute contemplates any plaintiff's verdict for damages in inverse condemnation, that the city as condemnor is liable for expenses, and that the city is precluded from certain defenses by the prior default judgment.

When the default judgment was entered in the inverse condemnation case, the court ordered that the allegations in the complaint were to be taken as true. These pleadings did not state a claim or allege facts to support a claim under Code Ann. Chapter 99-37 and therefore the judgment does not control the issues in the present litigation.

Pretermitting the question of whether the inverse condemnation resulted in compensation for "real property taken" as required by the statute, we hold that the City of Atlanta, under the circumstances of this case, is not the "acquiring public entity" contemplated by the statutory scheme.

Expenses of litigation are not allowed as part of condemnation cases in this state. *DeKalb County v. Trustees &c. Elks,* 242 Ga. 707 (251 SE2d 243) (1978). Code Ann. Chapter 99-37 was enacted to bring the state into compliance with federal law to enable the agencies of this state to continue to receive federal financial assistance for public

works projects. Code Ann. § 99-3702. The act does not change the right to or measure of compensation under our condemnation laws. Code Ann. § 99-3710. *Department of Transp. v. Doss,* 238 Ga. 480 (233 SE2d 144) (1977); *DeKalb County v. United Family Life,* 235 Ga. 417 (219 SE2d 707) (1975). The fact that the city instituted eminent domain proceedings in and of itself gives no right of action for expenses to West against the city under Code Ann. § 99-3707. While the city was the legal condemnor, we find that MARTA, and not the city, is the acquiring public entity for purposes of Code Ann. § 99-3707 in this case.

Although MARTA has the power to acquire property, it has no power of eminent domain. See Metropolitan Atlanta Rapid Transit Authority Act of 1965, Sec. 12, Ga. L. 1965, pp. 2243, 2266. That Act, however, authorizes the City of Atlanta, and specified counties in the Atlanta metropolitan area to exercise their eminent domain powers "for the purposes of the Authority." Ga. L. 1965, pp. 2243, 2266.

Pursuant to this legislative authority the City of Atlanta has entered into an agreement with MARTA under which the city agrees to institute condemnation actions for MARTA when necessary for the construction of the system. Under the terms of the contract the city agrees to commence condemnation proceedings upon written request of MARTA. The public need for the property is determined by MARTA. The decision to condemn is made by MARTA. The funds for acquisition are paid by MARTA and the city immediately conveys any interest acquired pursuant to the agreement to MARTA. MARTA is the state agency to which federal funds are allocated and which has the responsibility of carrying out the Federal-aid public works project which impacted upon West's property. If West had intended to pursue a claim under Code Ann. § 99-3707, he should not have dismissed MARTA as a party in the inverse condemnation action.

We must reject West's argument that this case is controlled by *Jackson v. Alford,* 244 Ga. 125 (259 SE2d 68) (1979) wherein this court upheld litigation expenses against the City of Atlanta in an action brought under Code Ann. § 99-3706. In that case, property was being acquired by the city for a city project which was funded in part by federal funds allocated to the city itself. In the present case, MARTA acquired the property through its contract with the city and is the agency responsible for the project "the cost of which is now hereafter financed in whole or in part from *Federal funds allocated to the acquiring public entity.*" Code Ann. § 99-3707. (Emphasis supplied.)

Accordingly, the trial court was correct in ruling that mandamus against the City of Atlanta was improper.

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED JANUARY 20, 1982 —
REHEARING DENIED FEBRUARY 3, 1982.

*Jones, Ludwick & Malone, Taylor W. Jones,* for appellant.
*Marva Jones Brooks, Thomas A. Bowman, Irmina Rivers Owens,* for appellee.