A99A1010. CITY OF GRIFFIN v. McKEMIE et al.
(522 SE2d 288)

ELLINGTON, Judge.

In 1994, the City of Griffin filed condemnation petitions against property owned by Dorothy, James, and Warren McKemie to acquire sewer easements to serve Nacom, Inc., the Griffin-Spalding County Airport, and other potential users with access to the sewer line. Following a hearing, the court granted the City's petitions and awarded the McKemies a total of $44,900. The McKemies appealed. However, because the award was more than twice the City's appraised value of the property, the City chose not to defend against the appeal, to abandon the condemnation proceedings, and to redesign the sewer line. Following the dismissal of the condemnation action, the McKemies filed a motion for attorney fees pursuant to OCGA §§ 22-4-7 and 9-15-14. The trial court awarded the McKemies $5,281.36 in attorney fees. We granted the City's application for discretionary appeal and, for the reasons discussed below, reverse the trial court's award.

"It is a general rule that an award of attorney fees and expenses of litigation is proper only where provided for by statute or contract." *Walker v. Walker*, 266 Ga. 414 (1) (467 SE2d 583) (1996). In this case, the trial court did not specify the statutory basis for awarding the McKemies attorney fees. The court explained that the award was made simply because the McKemies incurred legal expenses "because of this lawsuit." The trial court's findings are insufficient to support an award of attorney fees under either OCGA § 9-15-14 or § 22-4-7.

1. The award of attorney fees is not authorized under OCGA § 22-4-7 because that statute would apply only if the City had formally abandoned the condemnation proceeding *and* had been seeking "to acquire real property for a federal-aid [public works] project, the cost of which is now or hereafter financed in whole or in part from federal funds allocated to an acquiring public entity." OCGA § 22-4-7. This provision is part of the Georgia Relocation Assistance & Land Acquisition Policy Act of 1973, OCGA § 22-4-1 et seq., and was "enacted to bring the state into compliance with federal law to enable the agencies of this state to continue to receive federal financial assistance for public works projects." *West v. Mayor &c. of Atlanta*, 248 Ga. 844, 845-846 (286 SE2d 299) (1982). In fact, the Act contains legislative findings declaring its applicability when a public entity "acquires land, with federal financial assistance, for a public use." OCGA § 22-4-2.

Although the City did abandon the condemnation proceedings, it is undisputed that the City's sewer project was financed entirely from the proceeds of revenue bonds and that no federal or state assistance was provided to pay for or will be provided to reimburse the cost of any part of the project. Given the plain language of OCGA § 22-4-7, the McKemies are not entitled to attorney fees. See also *West v. Mayor &c. of Atlanta*, 248 Ga. at 846 ("MARTA is the state agency to which federal funds are allocated and which has the responsibility of carrying out the Federal-aid public works project."); *Jackson v. Alford*, 244 Ga. 125, 126 (259 SE2d 68) (1979) (The sewer line "is funded in part by money from the United States Treasury.").

The McKemies argue, however, that because the City receives federal funds for other projects and because one of the end-users of the sewer line receives federal funding, the statute should apply. We do not agree. In interpreting the Federal Uniform Relocation Assistance & Real Property Acquisition Policies Act of 1970, the United States Court of Appeals explained that the district court lacked jurisdiction to award attorney fees and costs of litigation incurred by the condemnees for alleged violations of the Act because the Act "is applicable only when Federal financial assistance *is used in or directly supports the property acquisition*." (Emphasis supplied.) *Rhodes v. City of Chicago in Trust &c.*, 516 F2d 1373, 1377 (7th Cir. 1975). Similarly, in this case, because federal financial assistance was neither used in nor directly supports the City's land acquisition, the statute does not apply. Moreover, although the Griffin-Spalding Airport does receive federal funds and will benefit from the project, it is only a user of the sewer system and not the public entity acquiring the interest in land. By its plain language, OCGA § 22-4-7 applies only to an "acquiring public entity." See *West v. Mayor &c. of Atlanta*, 248 Ga. at 846. Under these circumstances, no basis for an award of attorney

fees under OCGA § 22-4-7 exists.

2. In deciding if the trial court's award of fees was proper and may be sustained under OCGA § 9-15-14, we must determine whether, to the extent the trial court's award was based on OCGA § 9-15-14 (a), there is any evidence to support it and whether, to the extent the award was based on OCGA § 9-15-14 (b), the trial court abused its discretion. *Mitcham v. Blalock*, 268 Ga. 644, 648 (491 SE2d 782) (1997). The McKemies did not argue, nor did the trial court find, that the City asserted a claim "to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim." OCGA § 9-15-14 (a). In fact, the court granted the City's petition, implicitly acknowledging the existence of a justiciable claim. Therefore, the only relevant inquiry in this case is whether the award can be sustained under OCGA § 9-15-14 (b).

To sustain an award of fees under OCGA § 9-15-14 (b) in a condemnation case, the Supreme Court has held that "there must be some evidence of improper conduct, a lack of substantial justification, or an intent to delay or harass." *Dept. of Transp. v. Woods*, 269 Ga. 53, 56·(494 SE2d 507) (1998). Also, when ruling on a motion for attorney fees, the trial court's order must include factual findings and specify the improper conduct upon which the award is based or the order must be vacated. *Porter v. Felker*, 261 Ga. 421, 422 (405 SE2d 31) (1991); *Shimshi v. A. G. Spanos Dev.*, 228 Ga. App. 669 (492 SE2d 531) (1997); *Aycock v. RE/MAX of Ga.*, 221 Ga. App. 587, 589-590 (472 SE2d 137) (1996).

The trial court found that the City chose to dismiss its petition and "to redesign the sewer line rather than pay the award and further litigate the condemnations." The order reveals only that the City made an economic decision to abandon the proceedings, a decision which is not the equivalent of improper conduct. See *Dept. of Transp. v. Woods*, 269 Ga. at 56. Moreover, the trial court did not find that the McKemies incurred legal fees as a result of that decision, but, rather, "because of this lawsuit." The order, therefore, does not contain a specific finding of improper conduct sufficient to support the award of attorney fees under OCGA § 9-15-14 (b). Id. Further, we find no evidence in the record that shows the City's petitions were legally unfounded, that the City acted in a harassing or dilatory manner, or that it unnecessarily expanded the litigation. The award of fees, therefore, must be vacated. Id.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 9, 1999 —
RECONSIDERATION DENIED SEPTEMBER 29, 1999 — 

*Mullins & Whalen, Andrew J. Whalen III, Jacob A. Maurer,* for appellant.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert,* for appellees.