## S00G0189. McKEMIE et al. v. CITY OF GRIFFIN.
### (537 SE2d 66)

THOMPSON, Justice.

In this granted petition for writ of certiorari in a condemnation proceeding, we hold that the Court of Appeals erred in reversing the trial court's award of attorney fees to the property owners. *City of Griffin v. McKemie*, 240 Ga. App. 180 (522 SE2d 288) (1999). But because the trial court made no findings of conduct which would support its award, we remand for that purpose.

After efforts at negotiation proved unsuccessful, the City of Griffin (City) filed a petition for condemnation in rem against property owned by the McKemies to acquire sewer easements to serve the Griffin-Spalding County Airport and other potential users. At the City's request, the court appointed a special master to hear evidence as to the fair market value of the property sought to be condemned. Following a hearing, the special master recommended that the court grant the City's petition, but it awarded the McKemies twice the City's appraised value of the property. The McKemies filed exceptions to the award and a notice of appeal. Instead of defending the appeal, the City abandoned the condemnation proceedings in favor of redesigning the sewer line. Following the dismissal, the McKemies moved for attorney fees and costs of litigation under OCGA § 9-15-14, or alternatively, under OCGA § 22-4-7. The trial court awarded attorney fees in the amount of $5,281.36, but failed to make findings of fact or to specify the statutory basis upon which the award was made. The Court of Appeals reversed, concluding that the award was not authorized as a matter of law under either statute. Because we find that the actions of the City would justify the recovery of litigation costs under OCGA § 9-15-14 (b), we reject that conclusion.

1. An award of attorney fees under OCGA § 22-4-7[1] is authorized "only when Federal financial assistance is used in or directly supports the property acquisition." *City of Griffin v. McKemie*, supra at

---

[1] This Code section is contained in "The Georgia Relocation Assistance and Land Acquisition Policy Act," OCGA § 22-4-1 et seq. OCGA § 22-4-7, as amended, enables a condemnee to recover expenses of litigation in a proceeding brought by a public entity to acquire property "for a federal-aid project, the cost of which is now or hereafter financed in whole or in part from federal funds allocated to an acquiring public entity, if the final judgment is that the acquiring public entity cannot acquire the real property by condemnation or the condemnation proceeding is formally abandoned by the acquiring public entity."

181 (1). Accord *Rhodes v. City of Chicago*, 516 F2d 1373 (7th Cir. 1975). The undisputed evidence in this case shows that the City's project was financed entirely by the proceeds from revenue bonds, and that no federal funds were used to acquire the property. Accordingly, the Court of Appeals correctly concluded that the condemnees cannot recover attorney fees pursuant to OCGA § 22-4-7.

2. A party is entitled to reasonable and necessary attorney fees and expenses of litigation under OCGA § 9-15-14 (a) for defending a claim "with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim." We agree with the Court of Appeals that an award of attorney fees is not authorized under subsection (a) because in granting the condemnation petition, the trial court implicitly acknowledged the existence of a justiciable claim.

3. OCGA § 9-15-14 (b) permits the recovery of costs of litigation upon a finding that a party "brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment," or upon a finding that a "party unnecessarily expanded the proceeding." The McKemies argued that the City unnecessarily expanded the proceeding by filing its condemnation petition for property which ultimately proved unnecessary to its project; that time and financial resources were expended to prepare for the special master proceeding; and that the condemnees relied on the special master's award to compensate them for those costs. In fact, the City in this case continued to pursue the condemnation until after the special master made its award and after the condemnees filed an appeal as to value and non-value issues. It was at that point that the City elected to redesign the project and to dismiss its condemnation proceeding. Although dismissal was financially beneficial to the City, it also resulted in a financial detriment to the condemnees, who were required to incur attorney fees to enforce their constitutional right to receive just and adequate compensation for their property. A governmental entity should invoke its power of eminent domain only for the legitimate purpose of actually accomplishing a public goal, and not as a means merely to establish the most cost effective method for doing so. Because such misuse of the power lacks "substantial justification," the trial court may, in the exercise of its discretion, find that the City was liable for attorney fees under OCGA § 9-15-14 (b). Accordingly, the Court of Appeals erred in ruling out any possibility of recovery under subsection (b).

4. When a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is

made. *Keeler v. Keeler*, 263 Ga. 151 (2) (430 SE2d 5) (1993); *Porter v. Felker*, 261 Ga. 421 (3) (405 SE2d 31) (1991); *Coker v. Mosley*, 259 Ga. 781 (2) (c) (387 SE2d 135) (1990). A judgment devoid of such findings must be vacated and the case must be remanded for reconsideration. Id. Accordingly, the case must be remanded to the trial court for reconsideration of the grant of attorney fees and to make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Chamberlain, Hrdlicka, White & Williams, Richard N. Hubert*, for appellants.

*Mullins & Whalen, Andrew J. Whalen III, Jacob A. Maurer*, for appellee.