A08A1895. HORESH v. DeKINDER et al.
(673 SE2d 311)

MILLER, Chief Judge.

Joseph Horesh appeals from an order awarding attorney fees against him and in favor of Samuel and Cynthia DeKinder. Horesh claims that the trial court erred in granting the DeKinders' attorney fees motion because: (1) the DeKinders failed to file that motion within 45 days following the trial court's final disposition of the case, as required by OCGA § 9-15-14, and the trial court therefore lacked jurisdiction to consider it; and (2) his claims against the DeKinders were substantially justified. Finding that the DeKinders' motion was untimely, we reverse.

"The question of whether the trial court had jurisdiction to hear [the DeKinders'] motion is a purely legal issue and we owe no deference to the trial court's ruling, which we review de novo under the 'plain legal error' standard of review. [Cit.]" *Harris v. Werner*, 278 Ga. App. 166, 167 (628 SE2d 230) (2006).

The record shows that Horesh initiated the current action in the Magistrate Court of Fulton County on March 17, 2005. In his complaint, Horesh asserted that the DeKinders had breached a written real estate sales contract and a subsequent oral agreement relating to that contract, and he sought $11,000 in actual damages plus costs and attorney fees. On July 18, 2005, the magistrate court entered judgment for Horesh in the amount of $200, and Horesh

appealed that decision to the State Court of Fulton County. The state court entered an order granting summary judgment in favor of the DeKinders on August 29, 2006. On September 28, 2006, Horesh filed an application for a discretionary appeal, which this Court denied on October 19, 2006.

The DeKinders filed a motion under OCGA § 9-15-14 on October 23, 2006, seeking to recover costs and attorney fees associated with defending the current action. Horesh opposed the attorney fees motion on the grounds that it was not filed within 45 days following the entry of the trial court's order granting summary judgment. Following a hearing, the trial court issued an order, dated March 20, 2007, in which it: (1) stated that it had orally denied the DeKinders' motion because it was not timely filed; (2) noted that the DeKinders had not yet filed a completed civil case disposition form, as required by OCGA § 9-11-58 (b); and (3) asked the parties to brief the issue of whether, under the newly amended language of OCGA § 9-11-58 (b), a prevailing party had until 45 days after it filed a completed civil case disposition form to move for attorney fees.

The DeKinders finally filed the required civil case disposition form on May 16, 2007. On June 1, 2007, over nine months after entry of the order granting the DeKinders summary judgment, the trial court entered an order granting the DeKinders' OCGA § 9-15-14 motion and awarding them $3,451 in attorney fees. Horesh then filed an application for a discretionary appeal, which was granted. This appeal followed.

1. OCGA § 9-15-14 provides, in relevant part, that a "court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action . . . if . . . it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification. . . ." OCGA § 9-15-14 (b). A party may request such fees and expenses "by motion at any time during the course of the action *but not later than 45 days after the final disposition of the action.*" (Emphasis supplied.) OCGA § 9-15-14 (e).

"The Supreme Court [of Georgia] has held that [the phrase] 'final disposition of the action' as it is used in OCGA § 9-15-14 (e) is synonymous with 'final judgment[,]' as that phrase is defined in OCGA § 5-6-34 (a) (1). [Cits.]" *Little v. Gen. Motors Corp.*, 229 Ga. App. 781 (495 SE2d 572) (1997). A final judgment exists under OCGA § 5-6-34 (a) (1), and therefore a case has been finally disposed of for purposes of OCGA § 9-15-14, where the trial court issues an order that "leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." (Citations and punctuation omitted.) *Standridge v. Spillers*, 263 Ga. App. 401, 403 (587 SE2d 862) (2003). The trial court's order granting summary judg-

ment in favor of the DeKinders and against Horesh, therefore, constituted a final disposition of the action. See, e.g., *Stallings v. Chance*, 239 Ga. 567, 568 (238 SE2d 327) (1977). Because that order was filed with the clerk of court on August 29, 2006, the DeKinders' motion for attorney fees should have been filed no later than October 13, 2006, and after that time, the trial court was without jurisdiction to consider it.[1] *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 794 (439 SE2d 482) (1994).

Relying on the then newly-amended language of OCGA § 9-11-58 (b), however, the trial court found that the DeKinders' motion was timely. Effective July 1, 2006, OCGA § 9-11-58 (b) was amended to read, in relevant part:

> *When judgment entered.* The filing with the clerk of a judgment, signed by the judge, *with the fully completed civil case disposition form* constitutes the entry of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same, as provided in this subsection. *As part of the filing of the final judgment, a civil case disposition form shall be filed by the prevailing party* or by the plaintiff if the case is settled, dismissed, or otherwise disposed of without a prevailing party; provided, however, that the amount of a sealed or otherwise confidential settlement agreement shall not be disclosed on the civil case disposition form. . . . *The entry of the judgment shall not be made by the clerk of the court until the civil case disposition form is filed.* The entry of the judgment shall not be delayed for the taxing of costs. . . .

(Emphasis supplied.)[2]

The trial court apparently interpreted this language to mean that, even though its order of judgment disposing of all issues in the case was filed by the clerk and became part of the record on August 29, 2006, judgment was not "entered" until the DeKinders, as the prevailing party, filed the completed civil case disposition form on

---

[1] The fact that Horesh had filed an application for a discretionary appeal from the trial court's summary judgment order did not affect the time in which the DeKinders needed to file their motion for attorney fees. See *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 794 (439 SE2d 482) (1994) ("while a trial court is without jurisdiction to modify or enforce a judgment during the period of supersedeas, it has jurisdiction to consider other matters in the case," including a motion for attorney fees).

[2] Prior to its amendment, OCGA § 9-11-58 (b) provided that: (1) judgment was entered when signed by the trial judge and filed with the clerk; (2) the prevailing party should file a civil case disposition form "[a]t the time of the filing of the final judgment"; and (3) the entry of judgment should not be delayed for either the taxing of costs or the filing of the civil case disposition form. The previous version of the statute did not require the clerk of court to refrain from filing the judgment until a civil case disposition form was filed.

May 16, 2007, approximately nine months later. We disagree.

The Supreme Court of Georgia has ruled that "there is a 'window of opportunity' for seeking attorney fees under OCGA § 9-15-14 which begins *with the entry of final judgment as defined in OCGA § 5-6-34 (a) (1)* and ends 45 days later." (Emphasis supplied.) *Fairburn Banking Co.*, supra, 263 Ga. at 794. As a matter of statutory law, the question of when a judgment is entered for purposes of OCGA § 5-6-34 is not controlled by OCGA § 9-11-58 (b). Rather, that issue is governed by OCGA § 5-6-31, which provides that "[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article." Notably, OCGA § 5-6-31 does not require the filing of a civil case disposition form. Rather, under the plain language of the statute a judgment is entered, for purposes of determining the time in which a party must file an appeal or a motion for attorney fees, once an order disposing of all issues in the case is signed by the trial judge and filed with the clerk. See also *GMC Group, Inc. v. Harsco Corp.*, 293 Ga. App. 707, 708-710 (667 SE2d 916) (2008) ("no such requirement for filing a civil disposition form is found in OCGA § 5-6-31, which defines when a judgment is entered within the meaning of [the Appellate Practice Act]") (punctuation omitted); *Rocha v. State*, 287 Ga. App. 446, 447 (1) (a) (651 SE2d 781) (2007) ("A judge's oral pronouncement does not become a final and appealable judgment of the court until and unless it is reduced to writing, signed by the judge, and filed with the clerk. This constitutes 'entry.' ") (citations and punctuation omitted); *Easterling v. State*, 11 Ga. App. 134, 135 (74 SE 899) (1912) (for purposes of an appeal, "[a] judgment is the decision or sentence of the law, pronounced by the court and entered upon its docket, minutes, or record") (citations and punctuation omitted).

Although its order contains no analysis of this issue, the trial court's ruling that no judgment was entered until the DeKinders filed a civil case disposition form was apparently based on the sentence in OCGA § 9-11-58 (b) which provides that "no judgment shall be effective for any purpose until the entry of the same, as provided in this subsection." We decline, however, to interpret this sentence as amending OCGA § 5-6-31 to require the filing of a civil case disposition form.

Although this language existed in the prior version of OCGA § 9-11-58 (b), this Court has never interpreted it as imposing the procedural requirements of that statute on OCGA § 5-6-31. See *Zeitman v. McBrayer*, 201 Ga. App. 767 (2) (a) (412 SE2d 287) (1991) (recognizing that a final judgment may exist even where no judgment has been entered in accordance with OCGA § 9-11-58 (b)). See also *Smith v. Smith*, 165 Ga. App. 532, 532-533 (1) (301 SE2d 696)

(1983) (even where order did not explicitly grant judgment to a party, it was nevertheless a final, appealable judgment where it left one party "with no further recourse in the trial court"). We decline to adopt that interpretation now, particularly in light of the legislature's failure to amend OCGA § 5-6-31 to require the filing of a civil case disposition form. Moreover, we fail to see why the absence of a ministerial form, which has no impact on the issues in a case, the content of a trial court's order of judgment, or the record, should override the express language of OCGA § 5-6-31.

Additionally, a holding that a judgment is not entered, for purposes of an appeal or the filing of an attorney fees motion, until the prevailing party has filed a civil case disposition form would essentially transfer control of a case and the substantive rights of the parties to the prevailing party. OCGA § 9-11-58 (b) contains no time limit on when a prevailing party must file a civil case disposition form. Rather, the clerk is directed to refrain from entering judgment until such a form has been filed. And, the statute imposes no penalties for a failure to file. A party who has prevailed by obtaining a judgment, obviously, has a built-in motivation for filing the civil case disposition form: until the judgment is entered in compliance with OCGA § 9-11-58 (b), it is ineffective and the prevailing party cannot collect on or enforce the judgment.

As this case demonstrates, however, a prevailing party can be one who has successfully defended against a claim. In that situation, making the final disposition of a case dependent upon the unilateral action of the prevailing party, as opposed to the trial court, would allow the prevailing party to dictate when its opponent could appeal, conceivably denying the opposing party that right for months or years. Such a rule would also allow the prevailing party to unilaterally extend the jurisdiction of the trial court and prolong litigation, by filing a civil case disposition form and moving for attorney fees long after all parties thought the case was disposed of. In essence, therefore, a rule that a judgment is not entered under OCGA § 5-6-31 until the prevailing party has filed a civil case disposition form would effectively transfer to the prevailing party a trial court's inherent power and authority to control a case. See generally OCGA § 15-1-3. It would also run counter to "the constitutional directive to afford to the people court rules 'which shall provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions.' 1983 Ga. Const., Art. VI, Sec. IX, Par. I." *Mackenzie v. Sav-A-Lot Food Store*, 226 Ga. App. 32, 33 (1) (485 SE2d 559) (1997).

2. In light of our holding in Division 1, we need not address Horesh's remaining claim of error.

For the reasons set forth above, we hold that: (1) the time for filing a motion for attorney fees under OCGA § 9-15-14 begins to run

when judgment is entered in accordance with OCGA § 5-6-31; and (2) OCGA § 5-6-31 does not require the prevailing party to file a civil case disposition form. Because the DeKinders failed to move for attorney fees within 45 days following the trial court's entry of judgment under OCGA § 5-6-31, their motion was untimely. Accordingly, the order of the trial court granting the DeKinders' motion is reversed.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 4, 2009.

*James R. Marshall*, for appellant.
*Stanley M. Lefco*, for appellees.