301 Ga. 660
FINAL COPY

S17F0991. AMAYO v. AMAYO.

MELTON, Presiding Justice.

Following a jury trial regarding the divorce of Tangi Renita Amayo (Wife) and Galahad Owen Amayo (Husband), the trial court awarded attorney fees to Husband under OCGA § 9-15-14.[1] Thereafter, Wife filed an application for a discretionary appeal, which we granted. In doing so, we directed the parties to address the following question: Did the trial court err in its September 30, 2016 order on the parties' cross-motions for attorney fees by ordering Wife to pay $1,080 in attorney fees under OCGA § 9-15-14 without making express findings

---

[1] OCGA § 9-15-14 authorizes a trial court to award "reasonable and necessary" attorney fees and litigation costs in civil cases against a party that has engaged in abusive litigation. Under subsection (a), the trial court is directed to assess fees against a party who "asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Under subsection (b), the court is authorized to assess fees against a party who "brought or defended an action, or any part thereof, that lacked substantial justification" or "unnecessarily expanded the proceeding by other improper conduct, including . . . abuses of discovery procedures."

specifying the abusive conduct for which the award was made? See <u>Williams v. Becker</u>, 294 Ga. 411, 413-414 (754 SE2d 11) (2014); <u>McKemie v. City of Griffin</u>, 272 Ga. 843, 845 (537 SE2d  66) (2000). For the reasons set forth below, we find that the trial court did err, and we vacate the award of attorney fees under OCGA § 9-15-14 and remand the case to the trial court for further findings.

The record shows that Husband and Wife were divorced pursuant to a jury trial held on April 5, 2016. Following trial, both parties filed cross-motions for attorney fees. Ultimately, the trial court awarded $1,080 in fees to Husband pursuant to OCGA § 9-15-14.[2] It is undisputed that the trial court, however, failed to make written findings identifying the underlying conduct on which the award was based.

> If the court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made, see <u>McKemie</u>[, supra, 272 Ga. at 844], and whether

---

[2] The trial court also awarded $15,000 in fees to Husband pursuant to OCGA § 19-6-2. In response, Wife makes a number of arguments, but these contentions expand beyond the issue expressly identified as being of particular interest to the Court in the order granting Wife's application.  We find no merit to those additional arguments and decline to address these contentions further in this opinion.

the award is made under subsection (a) or (b) or both, see Ga. Dept. of Transp. v. Douglas Asphalt Co., 295 Ga. App. 421, 424 (671 SE2d 899) (2009). If the court fails to make these findings, the fees award must be vacated and the case remanded for reconsideration. See McKemie, [supra].

Williams, supra, 294 Ga. at 413-414 (2) (a). Therefore, because the trial court failed to make the required findings of fact to support the award of attorney fees under OCGA § 9-15-14, we vacate the $1,080 award of attorney fees and remand the case for reconsideration consistent with this opinion.

Judgment vacated and case remanded. All the Justices concur.

Decided June 30, 2017.

Domestic relations. Gwinnett Superior Court. Before Judge Boswell, Senior Judge.

Beverly R. Adams, for appellant.

David J. Ward, for appellee.

3