**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**December 13, 2018**

# In the Court of Appeals of Georgia

A18A2097. JACKSON v. BROWN.

BARNES, Presiding Judge.

In this domestic relations case, Terrence Jackson appeals from an order requiring him to pay the attorney fees and costs incurred by his minor child's mother who is also the child's primary physical custodial parent, Makesha Brown. For reasons that follow, we vacate the order, and remand the case.

On November 27, 2017, Brown filed a "Complaint for Modification of Custody, Child Support, and Parenting Time," alleging that there had been a material change of circumstances affecting the child's welfare such that the then-existing court-ordered custody, visitation, and child support arrangements were no longer serving the child's best interests. In addition to requesting certain modifications to those arrangements, Brown prayed for "attorney's fees and costs of litigation incurred

in filing and prosecuting this action." In his responsive pleading, Jackson claimed that Brown's requests should be denied; he further counterclaimed for a (different) modification of the visitation provision of the court order; and likewise, he prayed for "attorney fees and costs for defending this action."

The trial court conducted an evidentiary hearing. Subsequently, on March 15, 2018, the trial court entered an "Order on Complaint for Modification of Custody, Child Support, and Parenting Time," deciding issues of child custody (including visitation), and child support. (That order was silent with respect to the parties' requests for attorney fees and costs.) That same day, as the record before us reveals, a "General Civil and Domestic Relations Case Disposition Information Form" was filed.

The following month, on April 19, 2018, the court entered the order contested in this appeal. It provided in full:

> The above and foregoing matter having come before the Court on [Brown's] Letter Brief for Attorney's Fees dated March 23, 2018.
>
> After review and consideration,
>
> IT IS HEREBY ORDERED that [Jackson] shall pay to [Brown] the sum of $3,500.00 for attorney fees and costs in the amount of $21.69. Said

amount shall be paid to [Brown] within ninety (90) days of the date of this order.

Seeking reprieve from that order, Jackson procured this discretionary appeal.

1. Jackson contends that the attorney fees and costs awards lacked "legal authority." As Jackson posits,

there is no transcript of the [hearing], which would have shown that neither party argued the issue of attorney's fees to the Trial Court during the pendency of the case or after the final Order of March 15, 2018. Rather, the only information regarding the issue of attorney's fees was the letter sent by [Brown] to the Trial Judge . . . . more than a week after the entry of the Final Order [of March 15, 2018], and furthermore said letter is not part of the Trial Court's record in this case.

Brown counters that the contested awards were justified under OCGA §§ 9-15-14 (b)[1] and 9-11-54 (d).[2] Moreover, she claims that she repeatedly requested such

---

[1] OCGA § 9-15-14 (b) (providing in relevant part that a "court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action . . . if . . . it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification"). See also OCGA § 9-15-14 (e) (providing that a party may request such fees and expenses "by motion at any time during the course of the action but not later than 45 days after the final disposition of the action"). See generally *Horesh v. DeKinder*, 295 Ga. App. 826, 828 (1) (673 SE2d 311) (2009) (explaining "final disposition of the action," as used in OCGA § 9-15-14

awards: (i) in her November 27 complaint; (ii) in a subsequent motion that Jackson be compelled to comply with discovery requests, wherein she included a request for "an Order requiring [Jackson] to Pay [Brown's] reasonable attorney's fees"; (iii) at the hearing; and (iv) in her letter brief. Brown additionally claims on appeal that she filed her letter brief "in accordance with the [trial court's] direction at the [hearing]." As Brown summarizes in her appellate brief, the trial court stated at the hearing that letter briefs would be allowed if the parties were willing to waive a separate hearing on attorney fees.

The appellate record, however, falls short of allowing us to discern whether the trial court's ruling was authorized, because we are unable to ascertain the basis upon which the trial court rested its decision. More specifically, while Brown's November 27 complaint and her subsequent motion to compel requested the grant of such award(s), neither of those pleadings identified any statutory basis. And while Brown asserts that the trial court informed the parties at the hearing that they could submit

_____

(e)).

[2] OCGA § 9-11-54 (d) ("Except where express provision therefor is made in a statute, costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs; but costs against this state and its officers, agencies, and political subdivisions shall be imposed only to the extent permitted by the law.").

4

letter briefs on the issue of attorneys fees, the record before us contains neither a hearing transcript, nor a viable substitute,[3] that might have shed light on the underpinnings of the contested awards. Brown further describes to this Court that her letter brief to the trial court presented "the myriad reasons" and "ample justification for an award of attorney's fees and costs." But the appellate record contains no letter brief.[4] Moreover, the order contested in this appeal, which is fully set forth above, is silent as to any (statutory) basis for the awards. And to the extent that the trial court rested its decision on OCGA § 9-15-14, as Jackson points out, the order fails to provide requisite express findings of facts.

> If the court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made, and whether the award is made under subsection (a) or (b) or both. If the court fails to make these findings, the fees award must be vacated and the case remanded for reconsideration.

---

[3] See generally OCGA § 5-6-41 (g).

[4] See generally *McHugh Fuller Law Group, PLLC v. PruittHealth-Toccoa, LLC*, 297 Ga. 94, 98 (2) (772 SE2d 660) (2015) ("[T]he appellant . . . is charged with the duty to designate the appellate record. . . . Once such designation has been made, the appellee is permitted to designate for inclusion any materials the appellant has requested be omitted.") (citations omitted).

(Citations and punctuation omitted.) *Amayo v. Amayo*, 301 Ga. 660, 660-661 (802 SE2d 245) (2017).

Under these circumstances, we vacate the order on appeal, and remand the case for reconsideration (including clarification of the bases of any award of attorney fees and costs). *See Amayo*, 301 Ga. at 661.

2. Further contesting the order requiring him to pay to Brown sums for her attorney fees and costs, Jackson asserts that the trial court no longer had jurisdiction over the case when the order was entered, citing that a "General Civil and Domestic Relations Case Disposition Information Form" had already been filed. But Jackson has cited no authority establishing that the filing of that form (not signed by the trial judge) divested the trial court of jurisdiction of this case.[5] And at any rate, because

---

[5] Cf. *GeorgiaCarry.Org, Inc. v. City of Roswell*, 298 Ga. App. 686, 692 (2) (680 SE2d 697) (2009) (concluding that a civil disposition form, a document not signed by the judge, cannot be deemed to have the force and effect of a court ruling, nor to expand the scope or import of a related trial court judgment; citing that OCGA § 9-11-58 (b) requires that such a form be filed by the prevailing party or, in certain circumstances, the plaintiff); *Horesh*, 295 Ga. App. at 830 (1) (characterizing a civil case disposition form as "a ministerial form, which has no impact on the issues of the case").

the order must be vacated and the case remanded for reasons set forth in Division 1,[6] this contention is unavailing.

*Judgment vacated and case remanded. McMillian and Reese, JJ., concur.*

---

[6] Supra.