**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 16, 2023**

# In the Court of Appeals of Georgia

A23A0213. PORTMAN v. ZIPPERER et al.

A23A0214. PORTMAN v. ZIPPERER et al.

DOYLE, Presiding Judge.

Michael Portman appeals from the trial court's orders awarding attorney fees under OCGA § 9-15-14 (a) & (b). He argues that the trial court failed to support its awards with the requisite factual findings and legal conclusions. We agree, and for the reasons set forth below, vacate and remand.

In 2016, Portman sued Cleveland Zipperer, III, Zipperer Land Management, Inc. ("ZLM"), Tina Zipperer, and Zipperer and Co., LLC ("ZCO", collectively, the "Zipperers") asserting a voidable transfer claim. The complaint alleged that Portman had obtained a judgment against Cleveland Zipperer for $160,000, but the Zipperers had transferred assets in order to avoid the debt. After Portman failed to appear for

a deposition, the trial court dismissed his claims against Tina Zipperer and ZCO, and awarded attorney fees in the amount of $2,310 as a sanction. We affirmed that ruling on direct appeal.[1] Portman then voluntarily dismissed his claims against Cleveland Zipperer and ZLM.

Tina Zipperer and ZCO filed a motion for attorney fees under OCGA § 9-15-14 (a) & (b). They contended that Portman's complaint lacked substantial justification and that he unnecessarily expanded the proceedings. Cleveland Zipperer and ZLM also filed a similar motion for attorney fees under OCGA § 9-15-14 (a) & (b). The trial court held two hearings on the motions, where the Zipperers argued the merits of their motions and presented evidence regarding the reasonableness of the fees.

The trial court, in two summary orders, granted the Zipperers' motion for attorney fees "pursuant to OCGA § 9-15-14 (a) & (b)." The court awarded $15,612.51 in attorney fees and $141 in litigation expenses to Tina Zipperer and ZCO, and $9,981 in attorney fees and $141 in litigation expenses to Cleveland Zipperer and ZLM. We granted Portman's applications for discretionary review, and these appeals followed.

Under OCGA § 9-15-14:

---

[1] See *Portman v. Zipperer*, 350 Ga. App. 180 (827 SE2d 76) (2019).

(a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

(b) The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures[.] As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

"We review OCGA § 9-15-14 (a) attorney fee awards under an 'any evidence' standard, while OCGA § 9-15-14 (b) awards are reviewed for abuse of discretion."[2]

---

[2] *Landry v. Walsh*, 342 Ga. App. 283, 286 (2) (801 SE2d 553) (2017).

3

Portman contends that the trial court failed to support its awards with the requisite factual findings and legal conclusions. We agree.

> If the court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made, and whether the award is made under subsection (a) or (b) or both. If the court fails to make these findings, the fees award must be vacated and the case remanded for reconsideration.[3]

Additionally, "the trial court must limit the fees award to those fees incurred because of the sanctionable conduct."[4] Thus, lump sum or unapportioned fees are not permitted in Georgia, and the court's order must show "the complex decision making process necessarily involved in reaching a particular dollar figure[.]"[5]

"It is well settled that an order granting attorney fees under OCGA § 9-15-14 must contain express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize the award."[6] Here, the

---

[3] (Citations and punctuation omitted.) *Amayo v. Amayo*, 301 Ga. 660, 660-661 (802 SE2d 245) (2017).

[4] (Citation and punctuation omitted.) *Trotman v. Velociteach Project Mgmt., LLC*, 311 Ga. App. 208, 214 (6) (715 SE2d 449) (2011).

[5] (Citation and punctuation omitted.) Id.

[6] (Citation and punctuation omitted.) *Matthews v. Mills*, 357 Ga. App. 214, 221 (2) (850 SE2d 424) (2020).

trial court's summary orders do not contain the requisite factual findings identifying the sanctionable conduct or conclusions of law justifying the award.

Tina Zipperer and ZCO argue in their response brief that the attorney fee order contained the requisite factual findings because the court referenced its previous order granting their motion to dismiss, and that order identified the sanctionable conduct. However, the trial court only alluded to its prior order in recounting the procedural history of the case and not as part of any type of analysis under OCGA § 9-15-14. Moreover, the court already awarded some attorney fees for the sanctionable conduct identified in that order.[7]

Accordingly, because the trial court's orders failed to include the requisite factual findings and conclusions of law justifying the award, we vacate the attorney fee awards and remand for reconsideration consistent with this opinion.[8]

*Judgments vacated and cases remanded. Barnes, P. J., and Land, J. concur.*

---

[7] Tina Zipperer and ZCO also argue that Portman failed to include the court's order granting their motion to dismiss and awarding sanctions in the appellate record. The trial court clerk later transmitted this order for inclusion in the record.

[8] See *Amayo*, 301 Ga. at 661; *Viente v. Maiden*, 362 Ga. App. 264, 268 (2) (867 SE2d 856) (2022); *Matthews*, 357 Ga. App. at 223 (2).