A06A0048. BAILEY et al. v. McNEALY.
(627 SE2d 893)

ELLINGTON, Judge.

In April 2005, plaintiffs Betty Bailey and James Meredith filed an ejectment action against Ella McNealy in her capacity as "Executrix of the Heirs of George Davis, Sr." The trial court dismissed the action without prejudice after finding that the plaintiffs failed to prove that McNealy was, in fact, the executrix of Davis' estate. McNealy subsequently filed a motion for attorney fees, and the court ordered the plaintiffs to pay McNealy's attorney $750 pursuant to OCGA § 9-15-14. The plaintiffs filed an application for discretionary

---

review of the court's award of attorney fees, and this Court granted the application. For the following reasons, we reverse the trial court's grant of attorney fees and remand the case to the court for reconsideration.

1. "When a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made. A judgment devoid of such findings *must* be vacated and the case *must* be remanded for reconsideration." (Citations omitted; emphasis supplied.) *McKemie v. City of Griffin*, 272 Ga. 843, 844-845 (4) (537 SE2d 66) (2000). In this case, the record shows that the trial court's order did not identify the conduct which precipitated its award of attorney fees. Therefore, this case must be remanded to the trial court for reconsideration of the grant of attorney fees and to make express findings of fact and conclusions of law as to the statutory basis for such award and the conduct for which it is authorized. Id.; see also *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31) (1991).

2. To the extent the plaintiffs argue that the trial court erred in dismissing the ejectment action, the record does not show that they timely and properly appealed from the dismissal order. The plaintiffs filed the notice of appeal in this case over two months after the dismissal order, and the notice of appeal states only that they were appealing from the award of attorney fees. Accordingly, we lack jurisdiction to review the dismissal order. OCGA §§ 5-6-38 (a) (notice of appeal must be filed within 30 days of judgment); 5-6-48 (b) (1); *Sunn v. Mercury Marine*, 173 Ga. App. 593 (1) (327 SE2d 562) (1985) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court.") (citation and punctuation omitted).

*Judgment reversed and case remanded with direction. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 2, 2006.

Betty J. Bailey, *pro se.*
James Meredith, *pro se.*
Ben Kirbo, for appellee.