A07A1574. GILCHRIST v. GILCHRIST.
(650 SE2d 795)

SMITH, Presiding Judge.

In this discretionary appeal, Addrenna Gilchrist appeals, pro se, from the trial court's award of attorney fees to her ex-husband, DeJuan Gilchrist, pursuant to OCGA § 9-15-14. Ms. Gilchrist contends, in part, that the trial court's award should be vacated because the trial court failed to make findings of fact and conclusions of law supporting the award in its written order. We agree.

1. Ms. Gilchrist correctly asserts that a trial court is required "to make express findings of fact and conclusions of law as to the statutory basis" for an award of attorney fees under OCGA § 9-15-14. *Bailey v. McNealy*, 277 Ga. App. 848, 849 (1) (627 SE2d 893) (2006). "A judgment devoid of [these] findings *must* be vacated and the case

*must* be remanded for reconsideration." (Citations and punctuation omitted.) Id. As the trial court's order omitted these mandatory findings, we must remand this case "with direction that the trial court either include in its order findings of the conduct that authorized the award or vacate its order. [Cit.]" *Justice v. Musselman*, 214 Ga. App. 762, 763 (450 SE2d 460) (1994).

We find no merit in Mr. Gilchrist's assertion that the trial court was not obligated to make findings of fact and conclusions of law in the absence of a request under OCGA § 9-11-52 (a), because our Supreme Court has made it clear that "[i]t is incumbent upon the court to specify the conduct upon which the award is made. [Cits.]" *McKemie v. City of Griffin*, 272 Ga. 843, 844-845 (4) (537 SE2d 66) (2000).

We likewise find no merit in Mr. Gilchrist's claim that we must affirm because the transcript of the hearing on his motion for attorney fees was not transcribed. According to Mr. Gilchrist, the presumption of regularity in judicial proceedings requires us to conclude that the trial court made the requisite findings in the hearing. See *Cuyler v. Allstate Ins. Co.*, 284 Ga. App. 409, 411 (2) (643 SE2d 783) (2007) ("there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction") (citation, punctuation and footnote omitted). The lack of findings of fact and conclusions of law in the trial court's order, however, overcomes the presumption of regularity. See *Barnett v. Freeman*, 157 Ga. App. 760, 761 (2) (278 SE2d 694) (1981) (presumption of regularity overcome by portion of transcript making "an affirmative showing contrary to that presumption"). Therefore, the lack of a hearing transcript does not mandate a different result.[1]

2. Gilchrist's remaining enumerations of error relate to whether the trial court's award of attorney fees was warranted. In light of our holding in Division 1, "these contentions are not ripe for our review." *Morris v. Morris*, 222 Ga. App. 617, 619 (3) (475 SE2d 676) (1996).

*Judgment vacated and case remanded with direction. Barnes, C. J., and Miller, J., concur.*

DECIDED AUGUST 7, 2007.

Addrenna L. Gilchrist, *pro se.*

---

[1] We note that it may not be appropriate to examine a hearing transcript for the requisite findings. See *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 241 (2) (b) (620 SE2d 463) (2005) (affirming trial court's award of attorney fees under OCGA § 9-15-14 after examining hearing transcript for required findings). Compare *Maynard v. Brown*, 276 Ga. App. 229, 231, n. 2 (622 SE2d 901) (2005) ("trial court's oral findings in the transcript are not sufficient to satisfy the requirement for express, written findings of fact and conclusions of law" in a termination of parental rights case).