A08A2377. GEORGIA DEPARTMENT OF TRANSPORTATION
v. DOUGLAS ASPHALT COMPANY.
(671 SE2d 899)

BLACKBURN, Presiding Judge.

In this civil action arising out of an interstate paving project, Douglas Asphalt Company sued the Georgia Department of Transportation ("DOT") for breach of contract and, during the course of

---

[14] *In the Interest of J. B.*, 234 Ga. App. 775, 776-777 (2) (507 SE2d 874) (1998).

the litigation, successfully moved to exclude evidence pursuant to OCGA § 24-9-67.1. Shortly thereafter, the trial court granted Douglas Asphalt's motion under OCGA § 9-15-14 to recover attorney fees and expenses, which it had incurred as a result of its motion to exclude. DOT appeals, arguing that the trial court erred in (i) failing to include the statutory and factual base supporting the award of attorney fees in its order; (ii) granting the award based on DOT's pre-litigation conduct; (iii) finding that DOT's opposition to the motion to exclude lacked merit; (iv) including attorney fees incurred by Douglas Asphalt in other actions; and (v) failing to limit the award to fees related to Douglas Asphalt's motion to exclude. For the reasons set forth below, we vacate the trial court's award and remand the case with instructions.

The record shows that in late 2000, DOT entered into a contract with Douglas Asphalt, in which the latter was hired to widen and re-pave parts of Interstate 75 in Crisp and Turner counties. Within a year or two after the project's commencement, some initial inspections and testing by DOT caused it to suspect that some of the hot-mix asphalt, which had been used by Douglas Asphalt for re-paving parts of Interstate 75 and other similar projects, contained less than the minimum amount of hydrated lime required by the contract. Based on these suspicions, DOT began conducting additional analyses of the hydrated lime content in the asphalt by employing a chemical analysis procedure known as atomic absorption testing. As a result of the atomic absorption testing, DOT believed that the hydrated lime content of some of the asphalt in the project fell below the contractual requirements. Consequently, DOT informed Douglas Asphalt that the nonconforming asphalt would have to be replaced.

In August 2004, Douglas Asphalt filed suit against DOT in the Superior Court of Coffee County for breach of contract, alleging that DOT had improperly found Douglas Asphalt to be in default of the 2000 contract. DOT filed an answer and counterclaim and also successfully moved to transfer venue to the Superior Court of Turner County. On July 12, 2005, shortly after the case had been transferred, Douglas Asphalt moved to exclude evidence pursuant to OCGA § 24-9-67.1, arguing that the atomic absorption testing employed by DOT was not a scientifically accurate means by which to measure the lime content of the asphalt used in the project. In September 2005, the trial court held a four-day hearing on Douglas Asphalt's motion, during which several experts for both parties testified regarding DOT's use of atomic absorption testing. One of those experts, Dr. Sue Zhang, testified that she was a senior chemist employed by DOT to conduct atomic absorption testing on the Douglas Asphalt project and had reported to her supervisor that

there were problems with the testing methodology but was told to continue the testing in the same manner despite these problems. After the hearing, on January 18, 2006, the trial court granted Douglas Asphalt's motion and thus excluded the results of the atomic absorption testing used by DOT. DOT received a certificate of immediate review from the trial court and filed an application for interlocutory appeal, which this Court denied.

Nearly one year later, Douglas Asphalt filed a motion pursuant to OCGA § 9-15-14 to recover attorney fees and litigation expenses, which it had incurred in moving to exclude the results of DOT's atomic absorption testing. DOT responded, and on January 7, 2008, the trial court held a hearing on the issue. At the conclusion of the hearing, the trial court took the issue under advisement and informed the parties that they could submit post-hearing briefs. On May 27, 2008, the trial court issued an order granting Douglas Asphalt's motion and awarding it $600,000 in attorney fees and expenses. Thereafter, DOT applied for discretionary appeal, which this Court granted.

1. DOT contends that the trial court erred in granting Douglas Asphalt's motion to recover attorney fees and litigation expenses under OCGA § 9-15-14, arguing that the court's order failed to include the specific statutory basis and findings of fact supporting the award. We agree.

> A party is entitled to reasonable and necessary attorney fees and expenses of litigation under OCGA § 9-15-14 (a) for defending a claim "with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim."

*McKemie v. City of Griffin.*[1]

> OCGA § 9-15-14 (b) permits the recovery of costs of litigation upon a finding that a party "brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment," or upon a finding that a "party unnecessarily expanded the proceeding."

Id. at 844 (3).

---

[1] *McKemie v. City of Griffin*, 272 Ga. 843, 844 (2) (537 SE2d 66) (2000).

> When a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made. A judgment devoid of such findings *must* be vacated and the case *must* be remanded for reconsideration.

(Punctuation omitted; emphasis in original.) *Bailey v. McNealy*.[2] See *McKemie*, supra, 272 Ga. at 844-845 (4). In addition, an order awarding attorney fees pursuant to this statute must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b). *Wehner v. Parris*.[3]

Here, the trial court's two-page order fails to make express findings of fact or conclusions of law as to the statutory basis for its award of attorney fees and expenses under OCGA § 9-15-14. The court's order also fails to specify whether the attorney fees and expenses are awarded to Douglas Asphalt under OCGA § 9-15-14 (a) or (b). In fact, the court's order merely recites that after consideration of Douglas Asphalt's motion, the evidence, the arguments, briefs, and citations of law, Douglas Asphalt

> is entitled to attorneys' fees and expenses of litigation under OCGA § 9-15-14 but only as to attorneys' fees and expenses of litigation incurred by [Douglas Asphalt] necessary to thwart the claim(s) of the [DOT] arising from its development and utilization of the atomic absorption test methodology.

"This purported finding is entirely too vague and conclusory to permit any meaningful appellate review of the award of attorney fees and expenses of litigation under OCGA § 9-15-14. . . ." *Aycock v. Re/Max of Ga.*[4]

Douglas Asphalt does not argue that the trial court's order contains the required findings of fact and conclusions of law. Citing *Franklin Credit Mgmt. Corp. v. Friedenberg*,[5] Douglas Asphalt instead argues that the trial court's order should be affirmed because the court made the required findings of fact on the record during the hearing on the motion for attorney fees and in its previous order granting its motion to exclude evidence. This contention is without

[2] *Bailey v. McNealy*, 277 Ga. App. 848, 849 (1) (627 SE2d 893) (2006).
[3] *Wehner v. Parris*, 258 Ga. App. 772, 773 (1) (574 SE2d 921) (2002).
[4] *Aycock v. Re/Max of Ga.*, 221 Ga. App. 587, 589 (2) (472 SE2d 137) (1996).
[5] *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 241 (2) (b) (620 SE2d 463) (2005).

merit. First, it strains credulity to argue that the trial court's order granting the motion to exclude evidence also contains specific findings of fact and conclusions of law supporting an award of attorney fees under OCGA § 9-15-14, given the fact that the issue of attorney fees was not addressed by the parties or by the trial court at that time. Additionally, the trial court's reiteration during the attorney fees hearing of the reasons that it granted Douglas Asphalt's motion to exclude evidence did not constitute a finding that attorney fees were also warranted. "A prevailing party is not perforce entitled to an award of attorney fees under this [statute]." (Punctuation omitted.) *Bellah v. Peterson*.[6] Furthermore, the record demonstrates that at the conclusion of the attorney fees hearing, the trial court took the matter under advisement and even advised the parties that they could file post-hearing briefs on the issue. Given such circumstances, it cannot reasonably be argued that the trial court also made findings of fact and conclusions of law during the hearing. Compare *Franklin Credit Mgmt. Corp.*, supra, 275 Ga. App. at 241 (2) (b) (affirming trial court's award of attorney fees under OCGA § 9-15-14 after determining that required findings were readily apparent from the hearing transcript). Accordingly, we must vacate this award and remand this case "to the trial court for reconsideration of the grant of attorney fees and to make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it." *McKemie*, supra, 272 Ga. at 845 (4). See *Gilchrist v. Gilchrist*;[7] *Wehner*, supra, 258 Ga. App. at 773 (1).

2. DOT's remaining enumerations of error relate to whether the trial court's award of attorney fees was warranted and whether the award was properly calculated. "In light of our holding in Division 1, these contentions are not ripe for our review." (Punctuation omitted.) *Gilchrist*, supra, 287 Ga. App. at 134 (2). See *Morris v. Morris*.[8]

*Judgment vacated and case remanded with direction. Miller, C. J., and Ellington, J., concur.*

DECIDED JANUARY 2, 2009.

*Thurbert E. Baker, Attorney General, Reinhardt, Whitley, Wilmot, Summerlin & Pittman, John R. Reinhardt, G. Thomas Davis, Paul R. Jordan, Donald P. Boyle, Jr., William G. Bertram*, for appellant.

---

[6] *Bellah v. Peterson*, 259 Ga. App. 182, 182 (1) (576 SE2d 585) (2003).

[7] *Gilchrist v. Gilchrist*, 287 Ga. App. 133, 134 (1) (650 SE2d 795) (2007).

[8] *Morris v. Morris*, 222 Ga. App. 617, 619 (3) (475 SE2d 676) (1996).

*Savage, Turner, Pinson & Karsman, Brent J. Savage, William H. Pinson, Jr., Spurlin & Spurlin, John C. Spurlin, Christopher D. Britt, Kenneth E. Futch, Jr.,* for appellee.