A11A2349. WOODS v. HALL et al.
(726 SE2d 596)

DILLARD, Judge.

In this civil tort action, Mell Woods, acting pro se, sued Bruce Hall and several unknown defendants, alleging that Hall's filing a simple battery charge against him constituted malicious prosecution. Following the trial court's grant of summary judgment in Hall's favor, Woods appeals, arguing that (1) genuine issues of material fact exist as to his malicious prosecution claim, and that the trial court erred in

---

[23] *Supra.*
[24] See *Jackson v. Virginia*, supra; *Hill*, supra; *Adams*, supra; *Nix*, supra.

(2) excluding his affidavit from consideration because it was not timely filed, (3) awarding attorney fees to Hall's counsel, and (4) exhibiting prejudice toward Woods. For the reasons set forth infra, we vacate the grant of summary judgment and the award of attorney fees to Hall's counsel, and we remand the case to the trial court for further proceedings consistent with this opinion.

Viewed in the light most favorable to the nonmoving party,[1] the record shows that Woods and Hall were neighbors, who, in late 2001 or early 2002, became involved in a heated dispute based on Hall's alleged failure to control his large and less-than-friendly dog. This dispute ultimately culminated in Woods shooting and killing the dog. As a result, Hall swore out an arrest warrant for Woods in the Superior Court of Liberty County. Woods eventually pleaded guilty to a misdemeanor charge stemming from that incident and received a probated sentence.

On February 1, 2002, not long after the dog-shooting incident, Woods and Hall's ongoing neighborhood dispute led to an altercation in which Woods allegedly hit Hall. Consequently, on April 8, 2002, Hall swore out another arrest warrant for Woods in the Magistrate Court of Liberty County, which charged Woods with simple battery. The warrant was signed that same day by a magistrate court judge. Woods was bonded out immediately on his own recognizance, and thereafter, he retained counsel, who filed various motions related to the case, including a demand for a jury trial.

The case then languished for several years. But on August 2, 2006, Woods's defense counsel filed a motion to dismiss, which stated:

> (1) Per the agreement, the State agreed that in the event that the Defendant completed his Superior Court probation without incident that the State Court charges would be dismissed. (2) The Defendant completed his Superior Court case probation without further incident. Wherefore, Defendant moves the Court to dismiss the charges.

The proposed order attached to that motion was not signed by the trial court. Nevertheless, on January 30, 2007, the State moved for an entry of nolle prosequi on the charge, which the trial court accepted.

Two years later, Woods sued Hall and several "John Doe" defendants in the State Court of Glynn County, alleging that the warrant charging Woods with simple battery constituted malicious prosecution. Hall filed an answer, denying the allegations and asserting that

---

[1] *See McCaskill v. Carillo*, 263 Ga. App. 890, 890 (589 SE2d 582) (2003).

the Superior Court of Liberty County was the proper venue for the matter. Additionally, Hall's answer contained a counterclaim against Woods for abusive litigation. Subsequently, the case was transferred to the State Court of Liberty County.

Following discovery, Hall filed a motion for summary judgment, arguing that Woods failed to show that Hall was liable for malicious prosecution as a matter of law. And on December 27, 2010, the trial court held a status conference to schedule a hearing date for argument on Hall's motion. During that conference, Hall's counsel informed the trial court that Woods had, on that day, filed a motion to add counsel as a party defendant but had not sought the court's permission to do so. Perplexed by Woods's actions, the trial court informed him that if he failed to provide a legal basis for adding Hall's counsel as a defendant by the time the hearing on Hall's motion for summary judgment was held, Woods would be subject to sanctions.

On January 28, 2011, the trial court held a hearing on Hall's counsel's motion to dismiss himself as a defendant and Hall's motion for summary judgment. After first hearing argument on the motion to dismiss, the trial court granted it[2] and awarded $1,500 in attorney fees to Hall's counsel. The court then heard argument on Hall's motion for summary judgment, after which it granted Hall's motion. Thereafter the trial court issued separate orders granting the motion by Hall's counsel and assessing $1,500 in attorney fees against Woods and granting Hall's motion for summary judgment. This appeal follows.

Before we address the merits of Woods's claims of error, we note that contrary to Court of Appeals Rule 25 (c) (2),[3] none of Woods's enumerated errors is supported by citations to the record or argument, and only one is followed by a citation of authority. We recognize that Woods is acting pro se; nevertheless, "that status does not relieve [him] of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this Court."[4] Specifically, Woods's claims that the trial court erred in excluding from consideration Woods's affidavit, awarding attorney fees to Hall's counsel, and exhibiting prejudice toward Woods are not supported by

---

[2] *See Valdosta Hotel Props., LLC v. White*, 278 Ga. App. 206, 209 (1) (628 SE2d 642) (2006) ("In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15, leave of court *must* first be sought and obtained pursuant to OCGA § 9-11-21." (punctuation omitted)).

[3] *See* Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned.").

[4] *Guilford v. Marriott Internat'l, Inc.*, 296 Ga. App. 503, 504 (675 SE2d 247) (2009) (punctuation omitted).

either citation of authority or argument and therefore run afoul of Court of Appeal Rule 25 (c) (2).[5] Furthermore, .Woods's remaining claim that the trial court erred in granting summary judgment in Hall's favor is merely an assertion of error followed by a single case citation. But "[a]n assertion of error followed by a case citation is *not* legal argument, which requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts."[6] Given Woods's nearly complete failure to comply with this Court's rules, we are authorized to treat his claims as abandoned.[7] Nevertheless, we exercise our discretion to review Woods's enumerations of error on the merits.[8]

1. We first address Woods's contention that the trial court erred in refusing to consider Woods's affidavit filed in opposition to Hall's motion for summary judgment on the ground that the affidavit was not timely filed. Because we agree that the trial court erred in refusing to consider Woods's affidavit, we vacate the grant of summary judgment and remand the case for further proceedings consistent with this opinion.

On January 25, 2011, three days before the scheduled hearing on Hall's motion for summary judgment, Woods filed an amended response to Hall's summary judgment motion. Attached to the amended response was Woods's own affidavit, in which he disputed Hall's claims that the battery charge filed against him was supported by probable cause and the claim that the criminal case was not terminated in his favor. During the January 28, 2011 hearing on Hall's motion for summary judgment, Hall argued that the trial court should not consider Woods's affidavit because it was not timely filed pursuant to Uniform Superior Court Rule 6.2.[9] The trial court agreed and refused to consider Woods's affidavit.

However, in doing so, the trial court erred. OCGA § 9-11-56 (c) provides that a party adverse to a motion for summary judgment may serve an opposing affidavit "prior to the day of hearing."[10] Indeed, the statute "requires the trial court to consider opposing affidavits filed

---

[5] *See supra* note 3.

[6] *Id.* at 505 (punctuation omitted).

[7] *See id.*

[8] *See Janet Ricker Builder, Inc. v. Gardner*, 244 Ga. App. 753, 754 (536 SE2d 777) (2000).

[9] *See* Uniform Superior Court Rule 6.2 ("Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion.").

[10] *See* OCGA § 9-11-56 (c); *see also Kirkland v. Kirkland*, 285 Ga. App. 238, 240 (2) (645 SE2d 626) (2007) (holding that an affidavit opposing a motion for summary judgment that was filed one day before the scheduled hearing on the motion was timely).

at any time prior to the hearing."[11] And while Uniform Superior Court Rule 6.2 appears to contradict OCGA § 9-11-56 (c), "[t]he statute controls the rule, and the trial court should have considered [Woods's] affidavit[ ]."[12] Because the trial court failed to do so, we are constrained to vacate the grant of summary judgment and remand for the trial court to reconsider Hall's motion for summary judgment after taking Woods's affidavit into consideration.[13]

2. Woods also contends that the trial court erred in awarding attorney fees to Hall's counsel as a sanction for Woods's abusive litigation. We agree.

As noted supra, during the hearing on Hall's motion for summary judgment, the trial court first heard argument from Hall's counsel that Woods had improperly added him as a party defendant without seeking permission from the court to do so. The trial court agreed, dismissed counsel as a defendant, and awarded $1,500 in attorney fees to counsel as a sanction for what it characterized as Woods's abusive litigation. However, in doing so, the trial court did not specify during the hearing or in its written order the statutory basis for this award.

Our Supreme Court has held that "[g]enerally, an award of attorney fees is not available in Georgia unless authorized by statute or contract."[14] Although it appears based on Hall's counsel's arguments and the trial court's ruling that the attorney fees were assessed pursuant to OCGA § 9-15-14, "[w]hen a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made."[15] Indeed, "[a] judgment devoid of such findings *must* be vacated and the case *must* be remanded for reconsideration."[16] Furthermore, "an order awarding attorney fees pursuant to this statute must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b)."[17]

And here, the trial court's order fails to make express findings of fact or conclusions of law as to the statutory basis for its award of attorney fees to Hall's counsel. More importantly, the court's order fails to even specify whether the attorney fees were awarded under

---

[11] *Bell v. Norfolk S. R. Co.*, 222 Ga. App. 788, 789 (1) (476 SE2d 3) (1996).

[12] *Id.*

[13] *See An v. Active Pest Control S., Inc.*, 313 Ga. App. 110, 116-17 (720 SE2d 222) (2011).

[14] *Ward v. Ward*, 289 Ga. 250, 251 (2) (710 SE2d 555) (2011) (punctuation omitted).

[15] *Ga. Dep't of Transp. v. Douglas Asphalt Co.*, 295 Ga. App. 421, 424 (671 SE2d 899) (2009) (punctuation omitted).

[16] *Id.* (emphasis in original; punctuation omitted).

[17] *Id.*

98

OCGA § 9-15-14 at all, much less which subsection of the statute supports the award. Accordingly, "we must vacate this award and remand this case to the trial court for reconsideration of the grant of attorney fees and to make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it."[18]

3. Given our holdings in Divisions 1 and 2, supra, Woods's remaining enumerations of error need not be addressed.

*Judgment vacated and case remanded. Mikell, P. J., and Boggs, J., concur.*

DECIDED MARCH 22, 2012.

Mell Woods, *pro se.*
*Charles D. Gatch*, for appellees.

---

[18] *Id.* at 425 (punctuation omitted).