**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 20, 2013**

# In the Court of Appeals of Georgia

A13A0635. KINSALA v. HAIR et al.

MILLER, Judge.

William Kinsala sued George and Patricia Hair raising claims of fraud and misrepresentation in relation to the sale of a vehicle. The magistrate court entered a judgment in favor of the Hairs, and on appeal to the state court, the state court affirmed. Following a subsequent hearing, the state court awarded attorney fees to the Hairs on the basis that Kinsala brought the action to the state court in bad faith, was stubbornly litigious, and caused the Hairs unnecessary trouble and expense. We granted Kinsala's application for discretionary review, and this appeal ensued. Kinsala contends that the state court lacked jurisdiction to hear an award of fees under OCGA § 9-15-14, it abused its discretion in awarding fees, and the award was

not supported by sufficient evidence. For the following reasons, we reverse and remand.

On appeal from the entry of judgment in a bench trial, we view the evidence in the light most favorable to the trial court's verdict. *Cox Interior, Inc. v. Bayland Properties, LLC*, 293 Ga. App. 612, 613 (1) (667 SE2d 452) (2008). So viewed, a friend of George Hair bought a 1967 Ford Fairlane that he intended to restore. When George's friend became sick, he asked George to sell the vehicle for him. George listed the vehicle on eBay, and Kinsala, who lived in Texas, responded to the advertisement. Kinsala contacted George and asked about the vehicle's condition. Kinsala also contacted someone in Georgia to meet George personally, and this person also inspected the vehicle for about 45 minutes. George offered to have the vehicle undergo a more thorough inspection, but Kinsala declined the offer. Although it was discovered that the vehicle had some rust and some other issues, Kinsala contacted George and agreed to buy the vehicle.

Kinsala wired money to George Hair and arranged for the transport of the vehicle. After Kinsala received the vehicle, he inspected it more thoroughly. Kinsala believed that George made several misrepresentations about the vehicle and requested that George take the vehicle back and refund his money. When George refused,

Kinsala filed suit against the Hairs in the magistrate court, claiming fraud and misrepresentation. In their answer, the Hairs denied liability, argued that Kinsala's claims were groundless and, citing the language of OCGA § 13-16-11, sought damages and litigation expenses. Following a bench trial, the magistrate court ruled in favor of the Hairs.

Kinsala appealed the magistrate's ruling to the state court, and the state court held a de novo bench trial. Following the presentation of evidence, Patricia Hair moved to dismiss any claims against her because there was no evidence that she was involved in the sale of the vehicle. Kinsala stated that he had no objections based on the evidence. The state court rebuked Kinsala for not dismissing Patricia Hair sooner since he was aware of all the admissible evidence based on the prior hearing before the magistrate court. The state court found that Kinsala lacked a good faith basis to sue Patricia Hair and there was no evidence of damages. Accordingly, the trial court entered a judgment in favor of the Hairs and ordered a hearing to determine "whether costs, expenses, and damages sought by the [Hairs] should be awarded." Following a hearing, the state court awarded attorney fees and costs to the Hairs in the amount of $29,404.40. This appeal ensued.

We agree with Kinsala that the state court erred in awarding attorney fees in this case.

1. "Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." (Footnote and punctuation omitted.) *In re Serpentfoot*, 285 Ga. App. 325, 328 (4) (a) (646 SE2d 267) (2007). In this case, the state court did not specify the statutory basis for the award. The state court merely stated that "this action was brought against [the Hairs] without just cause and that, in so doing, [Kinsala] acted in bad faith, was stubbornly litigious and caused [the Hairs] unnecessary trouble and expense." The state court's findings tracked the language found in OCGA § 13-6-11, which provides that, while litigation expenses are generally not recoverable, such expenses, including attorney fees, may be recovered where the plaintiff has specially pled them and where the defendant has (1) acted in bad faith, (2) been stubbornly litigious, or (3) caused the plaintiff unnecessary trouble and expense.[1]

---

[1] Litigation expenses may be available to a defendant who prevails on an independent counterclaim against the plaintiff. *Dennis–Smith v. Freeman*, 277 Ga. App. 822, 824 (3) (627 SE2d 872) (2006). However, a defendant's expenses of defending against a claim are not recoverable, and a defendant is barred from "transforming a plaintiff's case into that defendant's damage suit for having been sued." (Citations and punctuation omitted.) *Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303, 310 (3) (732 SE2d 449) (2012). In this case, the Hairs did not

4

Although it appears based on discussion at the hearing on attorney fees that such fees were assessed pursuant to OCGA § 9-15-14,

> when a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made. Indeed, a judgment devoid of such findings must be vacated and the case must be remanded for reconsideration. Furthermore, an order awarding attorney fees pursuant to this statute must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b).

(Footnotes and punctuation omitted.) *Woods v. Hall*, 315 Ga. App. 93, 97 (2) (726 SE2d 596) (2012); see also *Bailey v. McNealy*, 277 Ga. App. 848, 849 (1) (627 SE2d 893) (2006) (a trial court is required to "make express findings of fact and conclusions of law as to the statutory basis" for an award of attorney fees under OCGA § 9-15-14) (citation omitted).

As noted above, the state court's order awarding attorney fees failed to make express findings of fact or conclusions of law as to the statutory basis for its award of attorney fees to the Hairs. "More importantly, the court's order fails to even specify whether the attorney fees were awarded under OCGA § 9-15-14 at all, much less

---

assert an independent counterclaim, as their counterclaim was for litigation expenses for having been sued in bad faith. Since success on the Hairs' counterclaim would amount to a recovery of damages for merely having been sued by Kinsala, the Hairs were precluded from recovering attorney fees under OCGA § 13-6-11. Id.

5

which subsection of the statute supports the award." *Woods*, supra, 315 Ga. App. at 97-98 (2). Accordingly, we must vacate the award and remand the case to the state court for "reconsideration of the grant of attorney fees and to make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it." (Footnote and punctuation omitted.) Id. at 98 (2); see also *In re Serpentfoot*, supra, 285 Ga. App. at 328-329 (4) (a) (vacated award and remanding for further proceedings where trial court's findings that appellant was stubbornly and unreasonably litigious and frivolous did not satisfy requirements of OCGA § 9-15-14).

2. Given our holding, we need not address Kinsala's remaining enumerations of error.


*Judgment reversed and remanded. Barnes, P. J., and Ray, J., concur.*

6