**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 16, 2021**

# In the Court of Appeals of Georgia

A21A0172. ROSE v. CLARK.

DOYLE, Presiding Judge.

Timothy Glenn Rose and Bethany Dawn Clark were divorced in 2014, and in 2018, the couple each filed claims for contempt and modification of child support obligations. The claims were consolidated, and following a bench trial, the trial court entered an order finding Rose in contempt for failing to pay certain private school tuition expenses, increasing his child support obligation, and awarding Clark $10,050.47 in attorney fees. Rose now appeals from the denial of his motion for new trial, contending that the trial court erred by (1) finding him in contempt, (2) adjusting his income upward and imposing a tuition deviation in favor of his wife, and (3) awarding attorney fees without identifying a statutory basis or making adequate

factual findings.[1] Because the order fails to support the attorney fee award with statutory authority or factual findings, we vacate and remand that portion of the order; we otherwise affirm.

The record shows that in 2014, Rose and Clark entered into a divorce settlement agreement that was approved by the superior court and made a part of the final judgment and decree of divorce. According to the agreement, the parties shared custody of their one minor child, with Clark being the primary physical custodian. Rose agreed to pay Clark $518 per month in child support and to pay half of the child's school tuition expenses. The parties further agreed that the settlement agreement would be offered for incorporation into any divorce decree approved by a court, but

> [n]otwithstanding such incorporation, this agreement shall not be merged in any decree, but shall survive independently of such decree. . . . [Also, n]o modification or waiver of the terms of this agreement shall be made except with the EXPRESS WRITTEN CONSENT OF BOTH PARTIES or by ORDER of a court of appropriate jurisdiction."

---

[1] The argument in Rose's appellate brief does not clearly correspond to his enumerations, but we have endeavored to address the merit of his arguments as articulated in his brief.

In August 2018, Clark petitioned the superior court for contempt, alleging that Rose had failed to meet his obligations to pay half of their child's tuition expenses and to maintain a certain life insurance policy. Rose filed an answer and counterclaimed for contempt in the form of attorney fees against Clark.

Two months later, in October 2018, Rose filed a separate petition for contempt and modification of his child support obligations; Clark filed an answer and counterclaims for contempt and modification of child support obligations. In 2019, the actions were consolidated, and following an evidentiary hearing, the trial court entered a final order which, as amended, found that Rose had a net tuition arrearage of $4,966.95 and an ongoing obligation to pay $7,630 for the 2019-2020 school year. The trial court also modified Rose's monthly child support obligation to $1,048 and awarded Clark $10,050.47 in attorney fees. Rose now appeals.

1. Rose first enumerates as error the trial court's contempt finding as to his failure to meet his obligation to pay half of the child's school tuition as required by the settlement agreement. He focuses on a colloquy during the hearing on his motion for new trial that addressed the fact that the tuition requirement was a part of the settlement agreement and not part of the child support worksheet. Based on this, he

3

argues that the tuition obligation was modifiable, and he should not be held in contempt.

This overlooks the basis for the contempt finding: Rose's failure to comply with the divorce decree that incorporated his settlement agreement. Neither the decree nor the settlement agreement had been modified, and the evidence supported a finding that he failed to pay his share the cost of private school tuition. Because the divorce decree incorporated the settlement agreement, Rose's failure to comply with the agreement constituted a violation of the divorce decree, thereby exposing him to contempt.[2] Accordingly, Rose's argument is misplaced.[3]

2. Rose next challenges the upward adjustment of his income and a $225.39 deviation in his monthly child support obligation, arguing that this essentially shifted some of his ex-wife's tuition burden back to him. Rose points out that the deviation

---

[2] See, e.g., *Hartley-Selvey v. Hartley*, 261 Ga. 700, 701 (410 SE2d 118) (1991) (holding that divorced parties were bound by a provision of their settlement agreement requiring them to share college tuition expenses). See also *Ruskin v. AAF-McQuay Inc.*, 294 Ga. App. 842, 843 (670 SE2d 517) (2008) ("Disobedience to the lawful order of a court is an obstruction of justice, and for such a violation the court, in order to compel respect or compliance, may punish for contempt.") (punctuation omitted).

[3] See *Park-Poaps v. Poaps*, 351 Ga. App. 856, 859 (1) (833 SE2d 554) (2019) ("The trial court's discretion in contempt matters is broad, and its decision will be upheld if there is any evidence to support it.") (punctuation omitted).

was listed for "extraordinary educational expenses," and the rationale listed on the child support schedule was the parties' obligation to equally share tuition costs. Increasing his child support obligation based on the parties' tuition obligation, he argues, is inconsistent with the terms of the settlement agreement.

Pursuant to OCGA § 19-6-15 (k) (1), a parent may petition for a modification of child support if "there is a substantial change in either parent's income and financial status or the needs of the child." After the trial court finds satisfactory proof of a change in financial status, it must reconsider the amount of child support under the guidelines of OCGA § 19-6-15 (b). Hence, the showing of a change in the parent's financial status or a change in the needs of the child is a threshold requirement in a modification action. We review a trial court's ruling on a modification petition for abuse of discretion, and we will uphold the factual findings underlying the ruling if they are supported by any evidence.[4]

Here, the trial court found that both parents had experienced a substantial change in their income and financial status. For Rose, there was evidence that his income had gone from about $30,000 in 2014, the year of the divorce, to approximately $50,000 in 2016, $48,000 in 2017, and $60,000 in 2018. For Clark, the evidence showed that she had since remarried, had another child, and quit her

---

[4] (Citations and punctuation omitted). Id. at 864 (4).

5

teaching job; the trial court imputed income to Clark equivalent to her teacher salary. This evidence authorized the trial court to conclude that the parties had each experienced a substantial change in their income and financial status.[5]

With respect to Rose's argument that the trial court improperly shifted some of the tuition cost to him, we find no basis for reversal. The fact that the settlement agreement provided that the parties would split tuition reflects the parties' intention "to alter the legal presumption that the custodial parent would pay that child-rearing expense."[6] Even so, under the applicable statutory scheme, the "trial court . . . has considerable discretion to deviate from the presumptive child support amount based on the many specific deviations listed in the guidelines or on other grounds . . . after supporting any deviation with written findings of fact."[7] The deviations here were made based on the findings of changed income and the tuition cost of private school. The evidence supported these findings, and the order and incorporated child support worksheet and schedule adequately memorialized the rationale for the deviation.

---

[5] See id. at 865 ("[A] trial court is authorized to base its finding of a substantial change on an increase in a parent's wage income.").

[6] *Hardman v. Hardman*, 295 Ga. 732, 739 (3) (b) (763 SE2d 861) (2014).

[7] Id. at 737 (3) (b), citing OCGA § 19-6-15 (c) (2) (E), (i).

Accordingly, the trial court was authorized to exercise its discretion by deviating from the presumptive child support amounts.[8]

3. Finally, Rose challenges the award of $10,050.47 in attorney fees to Clark, arguing that it was not adequately supported by statutory authority and factual findings. We agree.

The trial court's order addressed the award in its entirety as follows: "The Court finds [Clark] incurred attorney[]s fees in the amount of $10,050.47. The Court awards attorney[]s fees to [Clark] to be paid by the Defendant in the total amount of $10,050.47 to be paid within ninety (90) days of the entry of the Final Order."

The order makes no factual findings to support the award, nor does it specify a statutory basis. We note that Clark's answer to Rose's petition for contempt contained a counterclaim for attorney fees under OCGA § 9-15-14, but

> when a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made. . . . Furthermore, an order awarding attorney fees pursuant to this statute

---

[8] See *Johnson v. Johnson*, __ Ga. App. __ (2) (Case No. A20A2061, decided Mar. 2, 2021). Cf. *Hardman*, 295 Ga. at 739 (3) (b) (noting that a parent could seek modification of a child support order if a substantial financial change made the arrangement from original divorce decree and settlement agreement untenable).

must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b).[9]

Alternatively, the court could have made the award under OCGA § 19-6-2, which authorizes fees in divorce and alimony contempt cases "to level the financial playing field so that both parties can afford effective representation based on their relative financial circumstances."[10] But again, when awarding fees under this Code section, a trial court must "make findings of fact regarding the relative financial circumstances of each party, or otherwise cause the record to show that such had been properly considered."[11] Accordingly, because

> neither the statutory basis for the award nor the findings necessary to support an award is stated in the order[,] and [because] a review of the record does not reveal the basis of the award, the case is remanded for

---

[9] *Kinsala v. Hair*, 324 Ga. App. 1, 3 (1) (747 SE2d 887) (2013) (vacating and remanding fee award that was apparently based on OCGA § 9-15-14, because the trial court "failed to make express findings of fact or conclusions of law as to the statutory basis for [the] award").

[10] *Winchell v. Winchell*, 352 Ga. App. 306, 311 (2) (835 SE2d 6) (2019).

[11] *Amoakuh v. Issaka*, 299 Ga. 132, 134 (3) (786 SE2d 678) (2016) (vacating and remanding fee award made under OCGA § 19-6-2 that was not supported by factual findings concerning parties' relative financial circumstances).

an explanation of the statutory basis and the entry of any findings necessary to support it.[12]

*Judgment affirmed in part and vacated in part, and case remanded. Reese and Brown, JJ., concur.*

---

[12] *Viskup v. Viskup*, 291 Ga. 103, 106 (3) (727 SE2d 97) (2012); see also *Hall v. Hall*, 335 Ga. App. 208, 211-213 (2) (780 SE2d 787) (2015).